IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELBA THOMAS,

        Plaintiff,                              No. CIV S-06-1406 CMK

   vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.                          <u>ORDER</u>

                                       /

       Plaintiff, Melba Thomas, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction, the motions are before the undersigned for decision. For the reasons discussed below, the court vacates the Commissioner's decision and remands this matter for payment of benefits.

///

///

///

///

///

**PROCEDURAL BACKGROUND**

Plaintiff applied for Disability and Supplemental Security Income benefits on February 27, 2004, alleging disability due to constant back spasms, discomfort when standing or lying down, an inability to sit or stands for long periods, irritability, and problems with concentration. (Tr. 47.) In her applications, plaintiff noted that she had stopped working in 2003 due to a high risk pregnancy and because her assignment ended. (Tr. 47.) In June 2004, plaintiff reported that her back pain was getting worse and that she spent large amounts of time in bed. (Tr. 75, 79.)

Plaintiff's claim was denied initially and upon reconsideration. (Tr. 219-23, 225-30.) A hearing was held on October 4, 2005 before Administrative Law Judge (ALJ) L. Kalei Fong. (Tr. 231-46.) Plaintiff appeared at the hearing, and evidence was taken. In a decision dated February 8, 2006, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 12-18.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. (Tr. 4.) Plaintiff timely commenced this action.

**STANDARDS**

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the

2

Commissioner's decision. See Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. At steps one through four, the burden of proof is on the claimant. Tackett v. Apfel, 180 F.3d 1094, 1098-1099 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id. Below is a summary of the five steps, which also are described in Tackett:

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b). In this case, the ALJ found that the plaintiff was not engaged in substantial gainful activity. This finding is not challenged.

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step two, the ALJ found that plaintiff's scoliosis of the thoracic/lumbar spines was severe. Plaintiff does not dispute these findings.

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under step four. 20 C.F.R. §§ 404.1520(d), 416.920(d). At step three, the ALJ found that plaintiff's scoliosis did not meet or equal one of the listed impairments. This finding is in dispute; specifically, plaintiff asserts that the ALJ erred by rejecting the opinions of plaintiff's treating

physicians in favor of the opinion of a non-examining doctor.

Step Four. The Commissioner determines whether claimant is able to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ found that plaintiff has the residual functional capacity to perform light exertional work. The ALJ found that, based on her RFC, plaintiff could perform her past relevant work as an office clerk. Plaintiff disputes this finding.

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1). Because the ALJ determined that plaintiff could perform her past relevant work, he did not determine whether plaintiff could do other work in the national economy.

## FACTUAL BACKGROUND

Plaintiff was 35 years old at the time of the administrative hearing. (Tr. 43.) Plaintiff has completed two years of college and training as a medical assistant. (Tr. 53.) Plaintiff has suffered from scoliosis since she was 12 years old. (Tr. 140, 236-45.) Plaintiff testified that her scoliosis has gotten progressively worse; she now suffers from continual back pain. (Tr. 236-45.) She has two infants and one teenage daughter at home. The teenage daughter helps her with the infants, and the infants' grandmother helps on weekends. Plaintiff's treating physician has recommended surgery, but plaintiff cannot have the surgery because she would be bedridden for three months and does not have enough support at home stay bedridden for so long. (Tr. 165; 236-45.)

The medical records in this case accurately set forth plaintiff's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical records. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

I.  Claim Of Error

Plaintiff's sole claim of error is that the ALJ erred by failing to properly credit the opinions of her treating physicians, Jarom Dasko, M.D. and Rolando Roberto, M.D.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d)(2). In general, the opinion of specialists concerning matters relating to their specialty are entitled to more weight than the opinions of nonspecialists. Id.; § 404.1527(d)(5). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. Id. at 1202 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, treating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 C.F.R. 404.1527. Id. (citing SSR 96-2p). An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she provides "specific and legitimate" reasons supported by substantial evidence in the record. Id.

A.  Jarom Daszko, M.D.

Dr. Daszko is plaintiff's primary treating physician at the Sacramento Family Medical Clinic. In February 2004, Dr. Daszko diagnosed plaintiff with hepatitis C, back pain, and severe scoliosis. (Tr. 134-35.) Dr. Daszko has medicated plaintiff with muscle relaxants and anti-inflamatories, has sent her for x-rays and has referred plaintiff to a spine specialist, Dr. Roberto.

In March 2005, Dr. Daszko opined in a medical source statement that plaintiff could occasionally lift/carry less than ten pounds; she could frequently carry less than ten pounds;

her ability to walk and stand was less than 2 hours in an 8 hour day; she needed to change positions every five minutes; she needed alternate sitting and standing and lunch periods did not provide adequate relief; she could never climb, balance, stoop, kneel, crouch, or crawl, she was limited to reaching less than two feet due to pain and spasms; and was restricted from heights, moving machinery, and temperature extremes. He noted that his findings of scoliosis, decreased range of motion, and pain with lifting supported his opinion of plaintiff's abilities. (Tr. 208-09.)

### B. Rolando Roberto, M.D.

Dr. Roberto is an orthopedic surgeon at the University of California Davis (UC Davis) spine clinic. After examining plaintiff in March 2004, Dr. Roberto noted:

> She does have incapacitating back pain. Her pain level, on average, ranges about 7/10. It is aggravated by lifting, bending...She does have rather significant lumbar rotational prominence, left side, on Adams forward-bending test, right side minor rotation prominence of thoracic spine. Seventy degree lumbar curve. T11 to L4. I think she would be best managed surgically...at her next visit, we can get bend films of the lumbar spine, to do just the lumbar curve, but not the thoracic curve...She is going to return to the clinic after MRI.

(Tr. 173.) Dr. Roberto referred plaintiff for a scoliosis study on March 19, 2004. The study noted, among other things, that plaintiff suffered from idiopathic scoliosis. (Tr. 150-51.) Dr. Roberto sent plaintiff to receive an MRI. The doctor performing the MRI opined that plaintiff suffered mild canal and left severe foramina narrowing at the L3-4 level and severe levoconvex scoliosis. Dr. Roberto was informed of the MRI results. (Tr. 149-50.) Dr. Roberto noted that he had discussed the MRI study with the performing physician on the phone. (Tr. 165.)

Dr. Roberto saw plaintiff in April 2004. He noted that the MRI was very important and showed degenerations in plaintiff's back. Dr. Roberto noted that plaintiff should have a surgical correction, but that she had an infant at home and was unable to commit to such an involved surgery at the present time. (Tr. 165.) Dr. Roberto noted that he would call Dr. Daszko to let him know that plaintiff needed a medical follow-up after a CT Scan of her chest. (Tr. 165.)

Upon seeing plaintiff in July 2004, Dr. Roberto noted that plaintiff's left lumbar rotational problem was visible clinically and was tender to palpitation. He referred to her March radiographs, which demonstrated a 55 degree thoracic curve and a 69 degree left convex lumbar

///

curve. Dr. Roberto noted that plaintiff would try to get her affairs in order at home for her surgery. (Tr. 160.)

In October 2005, Dr. Roberto noted that plaintiff had been examined in October 2005 and that she was not able to work due to severe scoliosis. He noted that she needed surgery for improvement. (Tr. 211.)

The ALJ gave less weight to the opinions of Dr. Daszko and Dr. Roberto because they "have not provided objective clinical findings to support her being unable to engage in light level work activities." (Tr. 17.) The ALJ went on to state that the "preponderance of the evidence in the file does not support a finding of disability as it is primarily subjective rather than based on clinical findings."

The ALJ's assertion that plaintiff's treating physicians have not provided clinical findings to support their opinions and that the evidence in the file is primarily subjective rather than based on clinical findings is in error. A reading of the record reveals that the opinions of the treating physicians were based on numerous examinations of plaintiff. Specifically, Dr. Roberto noted, after examination of plaintiff, that plaintiff had " the left lumbar rotational problem which is both visible clinically and is tender to palpitation. (Tr. 160.)  Additionally, Dr. Roberto had requested and reviewed many clinical findings concerning plaintiff's scoliosis–including x-rays, MRIs, and a scoliosis study.

The ALJ's determination that to disregard the opinions of Dr. Daszko and Dr. Roberto in favor of the non-examining Disability Determination Services (DDS) doctor is not supported by specific and legitimate reasons supported by substantial evidence. The ALJ erred by failing to properly credit the opinions of Dr. Daszko and Dr. Roberto.

II.  Remand For Further Proceedings

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.). The court's decision turns on the futility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the

7

Commissioner's decision.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d at 1178. Under this test, the court should grant an immediate award of benefits when:

> (l)  the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id.  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings. See id. at 1178 n.2.

If the court credits as true the diagnoses and findings of the treating and examining physicians, it is clear that plaintiff is unable to sustain employment.  The court, therefore concludes this matter should not be remanded for further proceedings. See Schneider v. Comm'r. 223 F.3d 968 (9th Cir. 2000).  Accordingly, the court remands this matter for the purpose of permitting the Commissioner to calculate and to award benefits to Plaintiff.

## CONCLUSION

For these reasons, the court reverses the decision of the Commissioner and remands this matter pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.

IT IS SO ORDERED.

DATED: October 1, 2007

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE